IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | NO. 3-94-CR-0042-D(01) |
| VS. | § | NO. 3-10-CV-2017-D |
| | § | |
| DERRICK DAMON RAINWATER | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Derrick Damon Rainwater, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

I.

In 1994, defendant was convicted on six counts of interfering with commerce by robbery in violation of 18 U.S.C. § 1951(a), and five counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). Punishment was originally assessed at a total of 1,128 months confinement, followed by a three-year term of supervised release. After his direct appeal was dismissed for want of prosecution, defendant filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. The motion was granted to the extent defendant sought leave to file an out-of-time appeal. *United States v. Rainwater*, No. 3-96-CV-0944-D (N.D. Tex. Aug. 19, 1996). However, the out-of-time appeal was also dismissed for want of prosecution. *United States v. Rainwater*, No. 96-11128 (5th Cir. Oct. 6, 1997), *cert. denied*, 122 S.Ct. 1578

(2002). In 2003, defendant filed a second section 2255 motion, which was dismissed on limitations grounds. *United States v. Rainwater*, No. 3-03-CV-0259-D (N.D. Tex. May 6, 2003), *COA denied*, No. 03-10886 (5th Cir. Feb. 17, 2004). A third section 2255 motion, which was originally brought as a Rule 60(b) motion for relief from judgment, was dismissed without prejudice to defendant seeking leave to file a second or successive section 2255 motion from the court of appeals. *United States v. Rainwater*, No. 94-CR-042-D(01) (N.D. Tex. Jan. 26, 2005), *appeal dism'd*, No. 05-10138 (5th Cir. May 16, 2005). Defendant then filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The motion was granted in part based on the retroactive application of Amendment No. 599 to the Sentencing Guidelines, which reduced defendant's total sentence from 1,128 months to 1,117 months. In all other respects, the motion was denied. *United States v. Rainwater*, No. 94-CR-042-D(01) (N.D. Tex. Jul. 26, 2005), *aff'd*, 196 Fed.Appx. 300, 2006 WL 2482450 (5th Cir. Aug. 28, 2006). The district court later denied a Rule 36 motion to correct a clerical error in the amended judgment. *United States v. Rainwater*, No. 3-94-CR-042-D(01) (N.D. Tex. Mar. 19, 2007). On direct appeal, the Fifth Circuit held that the amended judgment conflicted with the oral pronouncement of sentence, and remanded the case to the district court "for the limited purpose of correcting the Amended Judgment to conform with the orally pronounced sentence." *United States v. Rainwater*, No. 07-10417, op. at 2 (5th Cir. Feb. 25, 2008). An amended judgment was entered on March 19, 2008. That judgment was affirmed on direct appeal. *United States v. Rainwater*, 317 Fed.Appx. 431, 2009 WL 793026 (5th Cir. Mar. 27, 2009), *cert. denied*, 130 S.Ct. 323 (2009). In its opinion affirming the amended judgment, the Fifth Circuit denied authorization to file a second or successive section 2255 motion. *Id.*, 2009 WL 793026 at *1.

Undeterred, defendant now seeks post-conviction relief on the grounds that: (1) he was denied the right to counsel on appeal in 1996; (2) the district court lacked jurisdiction to enter an

amended judgment; (3) the amended judgment violates the prohibition against double jeopardy and his rights to due process and effective assistance of counsel; and (4) his sentence exceeds the maximum punishment allowed by law. Before the court may consider these claims, it must determine whether defendant can bring a successive section 2255 action without prior approval from the court of appeals.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive section 2255 motion, a defendant must show that the motion is based on:

> (1)      newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2)      a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 12, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE